**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION**

| | | |
|---|---|---|
| **Christian Emory,** | ) | **No:** |
| on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) | |
| | ) | **District Judge** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| **BANKERS LIFE AND CASUALTY COMPANY; COLONIAL PENN LIFE INSURANCE COMPANY** | ) | ***JURY DEMAND*** |
| | ) | |
| Defendants. | ) | |

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

## COMPLAINT

NOW COMES Plaintiff, Christian Emory, on behalf of himself and all others similarly situated, by and through his attorney, Michael L. Fradin, and for his Complaint against Defendants, BANKERS LIFE AND CASUALTY COMPANY and COLONIAL PENN LIFE INSURANCE COMPANY**,** states as follows:

### I.      NATURE OF ACTION

1.     This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq. and the Ohio Minimum Fair Wage Standards Act (OMFWSA).

### II.      JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. §216(b) and the Class Action Fairness Act (CAFA).

3.     This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' Ohio wage and hour and associated claims because the claims originate from a common nucleus of operative facts.

### III.    THE PARTIES

4.      Plaintiff Emory is a resident of Lancaster, Ohio. Defendants employed Emory as a Customer Service Representative from approximately July, 2019 through approximately September, 2019. During the course of his employment with Defendants, Plaintiff worked in excess of forty hours per week but was not compensated at the required overtime wage rates. Plaintiff regularly was not paid at or above the minimum wage for the applicable jurisdiction for the hours he worked.

5.      Plaintiff is informed, believes, and thereon alleges that Defendant Bankers Life and Casualty Company is an Illinois corporation, is registered as a foreign business entity with the Ohio Secretary of State, and conducts business in the State of Ohio.

6.      Plaintiff is informed, believes, and thereon alleges that Defendant Colonial Penn Life Insurance Company is a Pennsylvania corporation, is registered as a foreign business entity with the Ohio Secretary of State, and conducts business in the State of Ohio.,

7.      Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

8.      Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or are attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

9.      Plaintiff is informed, believes, and thereon alleges that Defendants jointly

2

exercised control over Plaintiff and Aggrieved Employees with respect to their employment.

10. As employers of Plaintiff and Aggrieved Employees throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating the Labor Code with respect to the employment of Plaintiff and other Aggrieved Employees.

11. Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended to refer to Defendants Bankers Life and Casualty Company and Colonial Penn Life Insurance Company jointly and any reference to "Plaintiffs" is intended to refer to Plaintiff and Putative Class Members.

12. Plaintiff is informed, believes, and thereon alleges that Defendants employ non- exempt employees throughout Ohio and the United States.

13. At all relevant times, Defendants have done business under the laws of Ohio, have had places of business in Ohio, including in this judicial district, and have employed Aggrieved Employees in this judicial district.

## IV. FACTUAL ALLEGATIONS

14. Defendants are insurance providers who employ, among others, sales representatives, insurance agents, career field agents, policy agents, and sales agents in Ohio.

15. Plaintiff was employed by Defendants in Zanesville, Ohio from July, 2019 through September, 2019 as a sales representative.

16. Defendants directly and substantially control nearly every aspect of Plaintiff's and the Aggrieved Employees' day-to-day work. Defendants tell Plaintiff and Aggrieved Employees which customers to contact, prescribe the policy terms that could be sold and the price, direct Plaintiff and Aggrieved

3

Employees to check in with managers at the end of each day, and monitor their progress throughout the day based on a schedule set by Defendants.

17. Defendants require Plaintiff and Aggrieved Employees to attend daily morning meetings.

18. Plaintiff and Aggrieved Employees are expected to make hundreds of calls per day to prospective clients from a list of individuals provided by Defendants. When contact is made with a potential client, Plaintiff and Aggrieved Employees must closely follow a script provided by Defendants throughout their discussions.

19. Plaintiff worked for an average of eleven hours or more each day, five to six days per week. He regularly worked more than 40 hours in a workweek. On information and belief, Aggrieved Employees worked schedules similar to Plaintiff.

20. Despite these hours, Plaintiff and Aggrieved Employees are compensated only with commission payments. Plaintiff and the Aggrieved Employees are therefore not paid for all hours worked, including minimum wage and overtime, for the extensive hours worked daily and weekly. Defendants further fail to compensate Plaintiff and Aggrieved Employees for the meetings and/or trainings at which they require Plaintiff's and Aggrieved Employees' attendance. Plaintiffs must attend a meeting and/or training each day.

21. Defendants also do not reimburse Plaintiff and Aggrieved Employees for costs related to the use of their computers or telephone or for mileage.

22. Plaintiff and Aggrieved Employees do not receive accurate, itemized wage statements reflecting the hours they work and the amount of wages they are entitled to and for which they should be compensated, including minimum wage and overtime pay. In addition, Defendants do not pay Plaintiff and Aggrieved

4

Employees all the required wages due at termination of employment.

23.   In order to circumvent wage and hour laws, Defendants misclassified Plaintiff and Aggrieved Employees as independent contractors.

24.   Defendants controlled the "when," "where," and "how" of Plaintiff's and similarly situated sales representatives' jobs. The work performed by Plaintiff was within the usual course of Defendants' business and Plaintiff was completely dependent on the Defendants to perform their work. Plaintiff was not independently engaged in insurance sales outside of his work for Defendants. Under the applicable test for employment under the federal Fair Labor Standards Act and the Ohio Minimum Wage Law, Plaintiff and the Aggrieved Employees are presumptive employees entitled to labor law protections such as minimum wage guarantees, overtime compensation, workers' compensation insurance coverage, payroll tax contributions, and other employee benefits. By misclassifying sales representatives as independent contractors, however, Defendants denied them these rights, shifting all risk to the sales representatives and saving itself millions in overhead in the process.

25.   Defendants intentionally misrepresented to Plaintiffs that they were independent contractors and therefore not entitled to wages for non-productive time, reimbursements for expenses incurred in relation to their employment, workers' compensation insurance benefits, and tax benefits enjoyed by employees.

26.   Plaintiff asserts claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq. on behalf of the following class of individuals:

> **All current and former individuals in positions, job titles, job codes, job classifications, or job descriptions of "sales representative" and all other similar nomenclature performing substantially identical functions for Defendants and classified by Defendants as an "independent contractor" from three years before the filing of this lawsuit through the date of final judgment.**

5

27. Plaintiff asserts claims pursuant to the Ohio Minimum Wage Law on behalf of the following class of individuals:

> **All current and former individuals in positions, job codes, job classifications, or job descriptions of "sales representative" and all other similar nomenclature performing substantially identical functions for Defendants in Ohio and classified by Defendants as an "independent contractor" from three years before the filing of this lawsuit through the date of final judgment.**

28. Plaintiff seeks actual and/or compensatory damages, civil penalties, restitution, equitable relief, costs and expenses of litigation, including attorneys' fees, and all additional and further relief that may be available and that the Court may deem appropriate and just under all of the circumstances.

**Defendants' Business Model Deprived Plaintiffs of
the Benefits and Protections of Employment**

29. At all relevant times, Defendants treated Plaintiff and other Aggrieved Employees like independent contractors to the detriment of Plaintiffs.

30. Defendants voluntarily and knowingly misclassified Plaintiffs as independent contractors for the purpose of avoiding the significant responsibilities associated with the employer/employee relationship, including, *inter alia*, the payment of wages for non-productive time, expense reimbursements, provision of workers' compensation insurance, payment of state and federal taxes, and other benefits.

31. At all relevant times, Defendants issued Plaintiffs a Form 1099, indicating Plaintiffs were independent contractors and were not Defendants' employees.

32. At all times during their employment with Defendants, Plaintiffs were misclassified as independent contractors by Defendants but were in fact employees of Defendants and suffered actual economic harm as a consequence of this misclassification.

**Defendants Extensively Controlled All Aspects of Plaintiffs' Jobs**

33.     Despite Defendants' explicit and implicit classification of Plaintiffs as independent contractors, Plaintiffs are in fact employees of Defendants'. Plaintiffs are required to follow a litany of detailed requirements imposed on them by Defendants and are graded and subject to termination based on their failure to adhere to these requirements.

34.     At all relevant times, Defendants exerted control over Plaintiffs in a manner consistent with an employer-employee relationship, including but not limited to, generating the prospective clients for Plaintiffs; controlling their wages; enforcing behavioral codes of conduct; controlling the means, manner, and method by which they perform they work; and controlling the conditions of employment. Defendants have directed precisely when and where sales representatives were to conduct work and how they were to interact with Defendants' clients and potential clients.  Defendants had the right to terminate Plaintiff and similarly situated individuals from Defendants' employment at Defendants' discretion.

35.     When working for Defendants, Plaintiff and similarly situated individuals were expected to hold themselves out as Defendants' employees.

36.     Defendants trained and directed Plaintiffs on how to evaluate and select insurance policies for potential clients.

37.     Plaintiffs were to follow Defendants' protocol for soliciting and placing insurance policies.

38.     Defendants also controlled how Plaintiff and similarly situated individuals were to interact with potential clients.  Defendants provided instructions on exactly what to say to a potential client.

## V.    STATUTORY VIOLATIONS

**Collective Action Under the Fair Labor Standards Act**

39. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.*

**Class Action for Violations of Ohio Minimum Wage Law**

40. Pursuant to the Ohio Minimum Wage Law, Count II of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. The claims asserted by Plaintiffs herein are proper for certification under Federal Rule of Civil Procedure 23.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

41. Plaintiff hereby realleges and incorporates by reference all paragraphs above as if set forth in detail herein.

42. Plaintiff brings this cause of action on behalf of himself and all others similarly situated who have worked for or on behalf of one or more of the Defendants at any time during the three-year period prior to filing this Complaint.

43. Plaintiff brings this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Plaintiffs and others are similarly situated in that they are all subject to Defendants common plan or practice of misclassifying them as independent contractors, not paying them overtime for all hours worked beyond forty (40) in a given week, and not ensuring that they receive at least the federal minimum wage for all hours worked.

44. At all relevant times, Defendants, and each of them, have been the employers of Plaintiffs and have been engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA. Defendant's annual

8

operating revenues exceed $500,000.

45.   Plaintiff Emory consents to sue for violations of the FLSA pursuant to 29
      U.S.C. § 216(b) and 256. The written consent form for Plaintiff is attached
      hereto as Exhibit 1.

46.   The FLSA, 29 U.S.C. §§ 201 *et seq*., requires employers, such as Defendants, to
      compensate their non-exempt employees, such as Plaintiff, at a rate of not less
      than the minimum wage for all hours worked. The FLSA further requires
      employers to compensate employees at or above one and one-half times the
      regular rate of pay for all hours worked in excess of 40 hours in a single week.
      In addition, the FLSA requires employers to record, report, and preserve records
      of hours worked by employees.

47.   Defendants, and each of them, pursuant to uniform policies and practices, failed
      to compensate Plaintiffs at a rate not less than the minimum wage for all hours
      worked and failed to compensate Plaintiffs at or above one and one-half times
      the regular rate of pay for all hours worked in excess of 40 hours in a single
      week, in violation of the FLSA, including 29 U.S.C. § 207(a)(1) and § 215(a).

48.   The FLSA mandates that an employee's wages must be "free and clear" of
      "kickbacks" and requires employers to reimburse employees for such expenses,
      which are for the benefit of the employer, when failing to do so would cause
      their wages to drop below the federal minimum wage.

49.   Plaintiffs were required to bear many expenses related to their employment that
      were for the benefit of Defendants, including expenses related to the
      maintenance of their vehicles, gas, cell phone bills, and other expenses.
      Defendants did not reimburse Plaintiffs for these expenses.  At times, these
      expenses caused Plaintiffs' wages to fall below minimum wage.

50.   Defendants, and each of them, have failed to record, report, or preserve records

9

of hours worked by Plaintiffs sufficient to determine wages, hours, and other conditions and practices of employment, in violation of the FLSA, including 29 U.S.C. § 211(c) and § 215(a).

51. The conduct described herein constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Plaintiffs seek recovery of attorneys' fees and costs to be paid by Defendants, as provided under 29 U.S.C. § 216(b).

53. Plaintiffs have incurred economic damages as a direct and proximate consequence of the acts of Defendants alleged herein. Plaintiffs seek damages in the amount of their respective unpaid compensation, unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and other such legal and equitable relief as the Court deems just and proper.

54. This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

55. Plaintiffs reserve the right to amend this Class definition if discovery or further investigation demonstrate that the Class should be expanded or otherwise modified.

56. Plaintiffs and other members of the Class have uniformly been deprived of reimbursement of their necessary business expenditures and minimum and overtime wages.

57. The members of the Class are so numerous that joinder of all members would be impracticable.

58. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

   a) Whether Class members have been required to follow uniform procedures

and policies regarding their work for Defendants;

b)      Whether the work performed by Class members is within Defendants'
        usual course of business, and whether such service is fully integrated into
        Defendants' business;

c)      Whether Plaintiffs were independently engaged in the business of
        insurance sales delivery outside of their work for Defendants;

d)      Whether Defendants failed to pay Plaintiffs for all hours of work
        performed;

e)      Whether Defendants failed to reimburse Plaintiffs for expenses incurred
        during the course of their employment;

f)      Whether Defendants' conduct violates the Fair Labor Standards Act; and

g)      Whether, as a result of Defendants' misconduct, Plaintiffs are entitled to
        damages, restitution, equitable relief or other damages and relief, and, if
        so, the amount and nature of such relief.

59.   Plaintiff is a member of the Class who suffered damages as a result of
      Defendant's conduct and actions as alleged herein.

60.   Plaintiff's claims are typical of the claims of the members of the Class.

61.   Plaintiff has no interests antagonistic to those of the Class and is not subject to
      any unique defenses.

62.   Plaintiff will fairly and adequately represent and protect the interests of all
      members of the Class and has retained attorneys experienced in class action and
      complex litigation.

63.   The questions of law and fact common to the members of the Class predominate
      over any questions affecting only individual members, including legal and
      factual issues relating to liability and damages.

64.   A class action is superior to all other available methods for the fair and efficient

adjudication of this controversy for, inter alia, the following reasons:

a)     It is economically impractical for members of the Class to prosecute individual actions;

b)     The Class is readily definable;

c)     Prosecution as a class action will eliminate the possibility of repetitious litigation; and

d)     A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense, and will ensure uniformity of decisions.

65.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## COUNT II

**VIOLATION OF ARTICLE II, § 34A OF THE OHIO CONSTITUTION AND THE OHIO MFWSA - (On Behalf of herself and the Class)**

66.     Plaintiff re-alleges and incorporates the previous paragraphs of this Complaint as if fully set forth in this cause of action.

67.     Plaintiff brings this cause of action on behalf of himself and all those similarly situated who have worked for or on behalf of one or more of the Defendants in the State of Ohio any time during the three-year period prior to filing this Complaint.

68.     The Ohio MFWSA, § 4111.01 (A) defines "wage" as including the reasonable cost to the employer of furnishing "facilities," in language which tracks the FLSA, 203(m) definition of "wage." *However,* the cost of furnishing "facilities" which are primarily for the benefit of the employer – such as uniforms - are not "reasonable" and may not be included in wages. *See* 29 CFR Sect. 531.3(d)(1) and (2); *Mitchell v. Abercrombie & Fitch, Co,* 428 F.Supp.2d 725, 732 (S.D.Ohio, 2006), *affirmed,*

12

225 Fed.Appx. 362, 2007 WL 930398 (Courts have uniformly held that Ohio's

wage and hour law should be interpreted in accordance with the FLSA) (citing

*Douglas v. Argo-Tech Corp.,* 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's

wage and hour law "parallels the FLSA" and approaching the Ohio law and the

FLSA in a "unitary fashion" is appropriate).

69.     Defendants violated the minimum wage provisions of the Ohio MFWSA, § 4111.01

(A), by requiring its Plaintiffs to incur expenses that dropped their wages below

minimum wage required by the Ohio constitution in one or more work weeks.

70.     As also alleged above, Plaintiffs and members of the Ohio Class were consistently

and uniformly not paid the applicable minimum wage or overtime pay for all the

work they performed during the course of their employment with Defendants.

Defendants' unlawful conduct was neither inadvertent, nor *de minimis*, but

widespread, repeated and part of a pattern and practice of conduct affecting Ohio

Plaintiffs and all members of the Ohio Class.

71.     As a result of the foregoing, Plaintiff and the members of the Ohio Class have been

damaged in an amount to be determined at trial. The Ohio Constitution contains a

three-year statute of limitations regardless of whether the violation was willful.

Therefore, the Ohio Plaintiffs and members of the Ohio Class are entitled to treble

damages and attorneys' fees and costs and other relief, including penalties and

interest, for the three-year statute of limitations as this Court deems just and

appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A)      Issue an order permitting this litigation to proceed as a collective action;

B)       Order prompt notice, pursuant to 29 U.S.C. § 216(b) to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C)       An order certifying this case as a class action and appointing Plaintiff and their counsel to represent the Class;

D)        For a declaratory judgment that the practices complained of herein are unlawful under appropriate state law, and that Plaintiff and the putative class members are employees and not independent contractors;

E)       For actual and compensatory damages;

F)       For restitution and disgorgement to the extent permitted by applicable law;

G)       For an order enjoining Defendants from continuing to engage in the conduct described herein;

H)       For civil and statutory penalties and liquidated damages available under applicable law;

I)       For pre-judgment and post-judgment interest;

J)       For an award of attorneys' fees, costs and expenses as authorized by applicable law; and

K)       For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Respectfully submitted,


s/ *Michael L. Fradin*
LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
mike@fradinlaw.com
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228

14